O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BROWN,<br><br>           Plaintiff,<br>    vs.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>           Defendant. | Case No. CV 10-6704 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

1. <u>The Court is unable to affirm the determination by the Administrative Law Judge ("ALJ") of plaintiff's residual functional capacity ("RFC").</u>

The first disputed issue is directed to the ALJ's determination of plaintiff's

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

RFC. Preliminarily, the Court notes that the ALJ acknowledged at the outset of his decision that the change in plaintiff's age category as of October 6, 2007, the new consultative examinations providing new medical evidence, and plaintiff's changing of her alleged onset date of disability all constituted "changed circumstances that rebut[ted] the presumption of continuing disability" arising out of the August 15, 2003 unfavorable decision. (See AR 184.) Nevertheless, the ALJ did state later in his decision that he was according preclusive effect to the August 15, 2003 finding that plaintiff could stand/walk for 6 hours total, but no more than 2 hours at a time. (See AR 190.) The Court concurs with plaintiff that, under Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Cir. 2008), this was error because the record before the ALJ included new and material information not presented to the prior ALJ, namely the opinions of the two consultative examiners (Drs. Klein and Ella-Tamayo) that plaintiff's standing/walking capacity was more limited than that found by the prior ALJ. (See AR 593, 637.) See also, e.g., Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997) (presumption of nondisability rebutted by evidence that a previous impairment had become increasingly severe, and evidence of diagnosis of a new impairment, either of which could have been a basis for a finding of disability either independently or when aggregated with all of the claimant's pre-existing infirmities).

Separate and apart from the foregoing error, the Court finds that the ALJ erred in failing to properly consider the opinions of Drs. Klein and Ella-Tamayo that plaintiff's standing/walking capacity was more limited than that found by the prior ALJ. To reject the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. Even if contradicted by another doctor, the opinion of an examining doctor can only be rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. See Regennitter v. Commissioner, 166 F.3d 1294, 1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.

2005). Thus, the fact that the standing/walking restrictions to which Drs. Klein and Ella-Tamayo had opined may have been contradicted by the opinions of the State Agency review physicians was not in itself a sufficient reason for rejecting the standing/walking restrictions to which Drs. Klein and Ella-Tamayo had opined, but rather merely was determinative of the governing standard for doing so. Here, the ALJ failed to provide any reasons for rejecting Dr. Klein's opinion that plaintiff was only capable of walking and standing for 2 hours in an 8-hour workday. (See AR 593.) Nor did the ALJ provide any reasons for rejecting Dr. Ella-Tamayo's opinion that plaintiff could "stand and walk 2 to 4 hours out of an 8-hour workday with normal breaks." (See AR 637). Instead, the ALJ purported to rationalize that his RFC assessment, which limited plaintiff to standing/walking no more than 2 hours at a time, was consistent with Dr. Ella-Tamayo's opinion regarding plaintiff's standing/walking limitation. (See AR 190.) The Court disagrees. The ALJ's finding that plaintiff could "stand and walk up to a total of 6 hours in an 8-hour workday" (see AR 187) is not consistent with Dr. Ella-Tamayo's opinion that plaintiff could "stand and walk 2 to 4 hours out of an 8-hour workday with normal breaks."

The Commissioner contends that, even if the Court were persuaded that the ALJ erred in his determination of plaintiff's walking/standing capacity, the error was harmless. (See Jt Stip at 15.) An ALJ's error is harmless when such error is inconsequential to the ultimate non-disability determination. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability). In Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008), the Ninth Circuit held that the ALJ's erroneous Step four determination was harmless error in light of the ALJ's alternative finding at Step five of the Commissioner's sequential evaluation process that plaintiff could perform other work in the national

and local economies that existed in significant numbers.  See also Cadena v. Astrue, 365 Fed. Appx. 777, 780 (9th Cir. 2010) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (holding that ALJ's alternative ruling at Step five that the claimant could perform light, unskilled work that existed in significant numbers in the national economy rendered the ALJ's Step four error harmless).  Here, as in Tommasetti and Cadena, the ALJ did make an alternative finding of non-disability at Step five of the Commissioner's sequential evaluation process.  (See AR 191.)  However, those cases are distinguishable in that it is not clear to the Court from its review of the vocational expert's testimony (including the vocational expert's response to plaintiff's counsel's examination) (see AR 242-44) that, if the ALJ had included the standing/walking restrictions to which Drs. Klein and Ella-Tamayo had opined in his hypothetical to the vocational expert, the vocational expert would have testified that the person could perform either plaintiff's past work or other jobs existing in national and local economies.  The Court therefore is unable to find that the ALJ's error here in failing to make a proper RFC determination was harmless.

       2.     <u>The Court is unable to affirm the ALJ's adverse credibility determination.</u>

As a preliminary matter, the Court notes that it is unclear from the Commissioner's portion of the Joint Stipulation whether the Commissioner is applying the correct standard of review to the ALJ's adverse credibility determination.  The law is well established in the Ninth Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so.  See, e.g., Smolen v. Chater, 80 F.3d 1273, 1281

(9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

Here, the ALJ expressly found as follows: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (See AR 188.) Since the ALJ did not find that the record here contained any affirmative evidence of malingering, the question becomes whether the ALJ provided reasons for his adverse credibility determination that satisfy the "clear and convincing" standard set forth above.

For the reasons stated by plaintiff in reply to the Commissioner's contentions (see Jt Stip at 26-29), the Court finds that the answer to this question is no.[2] For example, the Ninth Circuit has held that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001): see also, e.g., Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). The Ninth Circuit also has held that daily activities may not be relied upon to support an adverse

---

[2] The Court also notes that, contrary to the ALJ's statement (see AR 186) and the Commissioner's assertion (see Jt Stip at 26), plaintiff did mention to Dr. Ella-Tamayo at the 2009 examination that she recently had been diagnosed with glaucoma. (See AR 633.) This diagnosis was re-confirmed at plaintiff's subsequent follow-up ophthalmology examination on August 19, 2009 (see AR 51-53), about which plaintiff testified at the administrative hearing (see AR 219).

credibility determination unless the ALJ makes an explicit finding to the effect that plaintiff's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis. See Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990). Here, the ALJ made no such explicit finding.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);

see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[3]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Based on its review and consideration of the entire record, including the vocational expert testimony that the Court finds ambiguous, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: July 18, 2011

*(signature)*

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

[4] It is not the Court's intent to limit the scope of the remand.

7